# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 06-0647-CV-W-FJG |
| | ) |
| GASKET ENGINEERING COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

# ORDER

## I. BACKGROUND

Plaintiff filed his Complaint in this case on August 4, 2006. Plaintiff attempted to complete service upon defendant by certified mail and filed a Return of Service with the Court on August 23, 2006, indicating that he had served a copy of his Complaint upon David McLerran on August 14, 2006. The deadline for plaintiff to effect service was December 4, 2006. Currently pending before the Court is defendant's Motion to Dismiss or in the Alternative to Quash for Insufficient Service of Process and Motion to Dismiss for Failure to State a Claim or in the Alternative for Summary Judgment (Doc. # 7).

## II. STANDARD

Fed.R.Civ.P. 4(h) states in part:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), *or* by delivering a copy of the summons

and of the complaint to an officer, a managing or general agent, or to any
other agent authorized by appointment or by law to receive service of
process and, if the agent is one authorized by statute to receive service
and the statue so requires, by also mailing a copy to the defendant . . .

Fed.R.Civ.P. 4(e)(1) states that service on an individual may be completed:

(1) pursuant to the law of the state in which the district court is located, or
in which service is effected, for the service of a summons upon the
defendant in an action brought in the courts of general jurisdiction of the
State . . .

### III. DISCUSSION

**A. Insufficient Service**

Defendant moves to dismiss or alternatively quash plaintiff's insufficient service of process because plaintiff did not personally serve his Complaint and did not include a notice, acknowledgement or affidavit to be completed and returned. Rather, plaintiff sent a package addressed to the defendant's vice-president which contained only copies of his Complaint, copies of the summons issued by the Clerk with a blank return of service form, exhibits and a copy of a 2006 Annual Registration Report filed by defendant with the Missouri Secretary of State. In response, to defendant's Motion, plaintiff states only that he may have made a mistake in determining what paperwork should be sent to whom.

Fed.R.Civ.P. 4(m) provides that the Court shall extend the time for completing service if plaintiff can show good cause for his failure to complete service. "A showing of good cause requires at least 'excusable neglect'–good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996); McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 994 (D.Minn. 1999). "If plaintiff fails to show good cause, the court still may extend the time

2

for service rather than dismiss the case without prejudice." Adams, 74 F.3d at 887.

In the instant case the Court finds that plaintiff is proceeding pro se and apparently believed that he had effected service upon the defendant by sending a copy of his Complaint and the other materials via certified mail to defendant's vice-president. Plaintiff also apparently believed he had completed service, as he filed a Return of Service with the Court. However, as evidenced by the above referenced Rules, plaintiff did not properly serve the defendant. Therefore, plaintiff will be given an extension of time until **January 24, 2007**, in which to effect service upon defendant in the manner described above. If plaintiff has not effected service of the Complaint or moved for an extension of time by this date, his Complaint will be dismissed.

**B. Failure to State a Claim**

Defendant has also moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's racial harassment claim because plaintiff has failed to sufficiently allege a racially hostile work environment under Title VII. Defendant states that plaintiff bases this claim solely on another employee's alleged former association with a supremacist group, which defendant argues does not state a claim for hostile work environment. In his Suggestions in Opposition, plaintiff makes reference to another incident where the supervisor who fired him hung a black money in his office window for all employees to see, but the supervisor was not disciplined or fired.

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52

3

Case 4:06-cv-00647-FJG   Document 27   Filed 01/03/07   Page 3 of 5

F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

Defendant moves to dismiss plaintiff's petition because plaintiff's allegations fail to sufficiently allege a racially hostile work environment under Title VII. In his Suggestions in Opposition, plaintiff goes into greater detail in describing his claims and provides additional factual information regarding his allegations. Pro se complaints are to be given a liberal construction. In the instant case, rather than dismiss plaintiff's claims, the Court will give plaintiff an opportunity to more fully state his claims by filing an Amended Complaint. Plaintiff shall file an Amended Complaint which more fully describes his claims on or before **January 24, 2007.**

### IV. CONCLUSION

4

Accordingly, defendant's Motion to Dismiss (Doc. # 7) is hereby **DENIED**. Plaintiff shall file an Amended Complaint with the Court on or before **January 24, 2007** and complete service of the Amended Complaint upon defendant, in the manner described in this Order, on or before **January 24, 2007**.

Date: 1/3/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

5